IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| REYNOLD BOTELHO, et al., | ) | Civ. No. 06-00096 DAE-BMK |
| | ) | |
| Plaintiffs, | ) | FINDING AND |
| | ) | RECOMMENDATION THAT |
| vs. | ) | PLAINTIFFS' MOTION FOR |
| | ) | PARTIAL JUDGMENT IN |
| STATE OF HAWAII, et al., | ) | ACCORDANCE WITH |
| | ) | STIPULATED SETTLEMENT |
| Defendants. | ) | AGREEMENT BE GRANTED IN |
| _____ | ) | PART AND DENIED IN PART |

FINDING AND RECOMMENDATION THAT PLAINTIFFS'
MOTION FOR PARTIAL JUDGMENT IN ACCORDANCE
WITH STIPULATED SETTLEMENT AGREEMENT BE
GRANTED IN PART AND DENIED IN PART

Before the Court is Plaintiffs' Motion For Partial Judgment In Accordance With Stipulated Settlement Agreement.  The Court heard this Motion on February 24, 2009.  After careful consideration of the Motion, the supporting and opposing memoranda, and the arguments of counsel, the Court FINDS and RECOMMENDS that Plaintiffs' Motion be GRANTED IN PART and DENIED IN PART.

BACKGROUND FACTS

Plaintiffs brought this lawsuit as a class action on behalf of inmates incarcerated at Hawaii Community Correctional Center facilities between February 2004 and August 2005.  Plaintiffs claim certain areas of the facilities, including an

area known as the "fish bowl," were intolerable.  On July 24, 2004, in protest of their conditions of confinement in the fish bowl, inmates started a fire in the fish bowl, which allegedly caused them physical and emotional injuries.  That incident prompted this lawsuit by the following categories of Plaintiffs: (1) inmates housed in the fish bowl on the day of the fire; (2) inmates housed in the fish bowl at other times; and (3) inmates who were never housed in the fish bowl.

On October 31, 2006, the parties entered into a Stipulated Settlement Agreement and Order, agreeing that John T. Komeiji "will serve as a master to hold evidentiary hearings and recommend findings of fact on general and special damages, if any, suffered by individuals in the Plaintiff class." (Ex. A at 2.) The Master suggested to hear claims of inmates housed in the fish bowl on the day of the fire before hearing claims of other Plaintiffs. (Moser Declaration ¶ 6.) He also "proposed that Plaintiffs select for hearing their two best cases, and that Defendants select their two best cases, that is, the most injured and least injured claimants, respectively." (Id.) The parties understood that the Master's recommendations regarding those four Plaintiffs would provide the parties with guidance as to the value of the remaining Plaintiffs' claims. (Id.; Seitz Affidavit ¶ 4.)

The Master held evidentiary hearings on claims by the following Plaintiffs: Eric Johnson, Reynold Botelho, Wendell Olivera, and Ronald Saiki. On August 9, 2008, the Master sent counsel an email, recommending awards of $2,500 for each of the four Plaintiffs for "[d]amages due to overcrowding conditions." (Ex. C.) The Master also recommended that, in addition to those damages, the four Plaintiffs be awarded the following amounts for "[o]ther personal injury/general damages": (1) Johnson - $5,000; (2) Botelho - $2,500; (3) Olivera - $2,500; and (4) Saiki - $500. (Ex. C.) The Master did not make recommendations regarding any other Plaintiff.

In a memorandum dated August 12, 2008, Plaintiffs' counsel applied the Master's recommendations to determine the reasonable settlement value for all claims of inmates housed in the fish bowl on the day of the fire, totaling $140,500. (Ex. D.) Although Plaintiffs' counsel alleges that Defendants "have never disputed Plaintiffs' application of the master's recommendations" as set forth in the August 12 memo, Defendants' counsel says he "informed Plaintiffs' counsel that the Defendants do not agree with the value they assigned to some of the . . . fishbowlers' claims." (Seitz Affidavit ¶ 8; Moser Declaration ¶ 9.)

## DISCUSSION

Plaintiffs essentially ask this Court to enforce the terms of the Stipulated Settlement Agreement by entering partial judgment in favor of all Plaintiffs who were housed in the fish bowl on the day of the fire. They contend that Defendants should be bound by the Master's recommendations and their application of those recommendations to other similar Plaintiffs because Defendants failed to object to them. Defendants argue that they did object orally to applying the Master's recommendations to other Plaintiffs who were housed in the fish bowl on the day of the fire.

Principles of Hawaii contract law apply to the construction and enforcement of the Stipulated Settlement Agreement. See O'Niel v. Bunge Corp., 365 F.3d 820, 822 (9th Cir. 2004). As with other contracts, Hawaii law "requires that there be mutual assent or a meeting of the minds on all essential elements or terms in order to form a binding" settlement agreement. Boskoff v. Yano, 217 F. Supp. 2d 1077, 1088 (D. Haw. 2001). The existence of mutual assent is determined by an objective standard, whereby a "party's words or acts are judged under a standard of reasonableness in determining whether he or she has manifested an objective intention to agree." Standard Mgt, Inc. v. Kekona, 53 P.3d 264, 273 (Haw. App. 2001) (citation omitted); see Buskoff, 217 F. Supp. 2d at

1088 ("To determine whether there was a 'meeting of the minds' the Court will consider the parties' correspondence leading up to the settlement agreement.").

In order for this Court to enter judgment in favor of any of the Plaintiffs, there must have been a meeting of the minds regarding the amount of damages to award to each Plaintiff. The Master recommended damage awards for Johnson, Botelho, Olivera, and Saiki. As neither party objected to those recommendations, the Court FINDS that Defendants mutually assented to awarding those amounts of damages to those four Plaintiffs. See Standard Mgt, Inc., 53 P.3d at 273. Those damage amounts are therefore binding on both parties, and the Court RECOMMENDS that judgment be entered in favor of those four Plaintiffs in the amounts recommended by the Master. See id.

Regarding the other Plaintiffs housed in the fish bowl on the day of the fire, Plaintiffs proposed damage awards for them in an August 12, 2008 memorandum. That memo was sent to Defendants' counsel, who says he orally objected to the proposed awards. (Moser Declaration ¶ 9.) At the hearing on this Motion, Defendants' counsel reiterated that he objects to Plaintiffs' proposed awards. Given Defendants' "words and acts" regarding Plaintiffs' proposed awards, the Court FINDS that there was no mutual assent regarding the damage awards for other Plaintiffs housed in the fish bowl on the day of the fire. See id.

Absent any meeting of the minds as to the amount of damages to award them, the Court RECOMMENDS that judgment not be entered in favor of Plaintiffs (other than Johnson, Botelho, Olivera, and Saiki) housed in the fish bowl on the day of the fire. See id.

## CONCLUSION

For the foregoing reasons, the Court FINDS and RECOMMENDS that Plaintiffs' Motion For Partial Judgment In Accordance With Stipulated Settlement Agreement be GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 20, 2009.



/S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Reynold Botelho, et al. v. State of Hawaii, et al., Civ. No. 06-00096 DAE-BMK; FINDING AND RECOMMENDATION THAT PLAINTIFFS' MOTION FOR PARTIAL JUDGMENT IN ACCORDANCE WITH STIPULATED SETTLEMENT AGREEMENT BE GRANTED IN PART AND DENIED IN PART.