IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| REYNOLD BOTELHO, et al., | ) | Civ. No. 06-00096 DAE-BMK |
| | ) | |
| Plaintiffs, | ) | ORDER GRANTING IN PART AND |
| | ) | DENYING IN PART PLAINTIFFS' |
| vs. | ) | REQUEST FOR COSTS |
| | ) | |
| STATE OF HAWAII, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' REQUEST FOR COSTS

Before the Court is Plaintiffs' Bill of Costs related to claims brought

by Plaintiffs Eric Johnson, Reynold Botelho, Wendell Olivera, and Ronald Saiki.

Defendants State of Hawaii and Beryl Iramina oppose Plaintiffs' request for costs.

After careful consideration of the Bill of Costs, and the supporting and opposing

memoranda, the Court GRANTS IN PART and DENIES IN PART Plaintiffs'

request for costs.

On April 10, 2009, District Judge David Alan Ezra adopted this

Court's recommendation to enter judgment in favor of the four Plaintiffs named

above:  Eric Johnson, Reynold Botelho, Wendell Olivera, and Ronald Saiki.

Judgment was so entered in their favor, although claims by other Plaintiffs are still

pending and remain unresolved.  These four Plaintiffs are clearly the prevailing

parties on their claims.

Plaintiffs seek $3,146.91 in costs, including $2,798.41 in "other costs"

for attorney travel expenses and the special master's expenses.  Defendants oppose

these "other costs."  (Opp. at 3.)

Pursuant to Rule 54(d) of the Federal Rules of Civil Procedure,

"[u]nless a federal statute, these rules, or a court order provides otherwise, costs –

other than attorney's fees – should be allowed to the prevailing party."  See also

LR 54.2(a).  Although courts have discretion in awarding costs, they "do not have

discretion under Red. R. Civ. P. 54(d) to tax whatever costs seem appropriate."

Yasui v. Maui Elec. Co., 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999).

Under 28 U.S.C. § 1920, a court "may tax as costs the following":

(1)    Fees of the clerk and marshal;
(2)    Fees for printed or electronically recorded
       transcripts necessarily obtained for use in the case;
(3)    Fees and disbursements for printing and witnesses;
(4)    Fees for exemplification and the costs of making
       copies of any materials where the copies are
       necessarily obtained for use in the case;
(5)    Docket fees under section 1923 of this title;
(6)    Compensation of court appointed experts,
       compensation of interpreters, and salaries, fees,
       expenses, and costs of special interpretation
       services under section 1828 of this title.

Regarding Plaintiffs' request for costs relating to attorney travel expenses, which total $625.83, the Court notes that "the travel expenses of attorneys are not recoverable under § 1920." Yasui v. Maui Elec. Co., 78 F. Supp. 2d 1124, 1130 (D. Haw. 1999) (quoting Embotelladora Agral Regiomontana v. Sharp Capital, Inc., 952 F. Supp. 415, 418 (N.D. Tex. 1997)); see also Sun Media Sys., Inc. v. KDSM, LLC, 587 F. Supp. 2d 1059, 1065 (S.D. Iowa 2008) ("The Court finds that attorney travel expenses are not authorized by § 1920 and, therefore, disallows the asserted expense as a taxable cost."). Given that attorney travel expenses are not recoverable under § 1920 and Plaintiffs cite to no other law authorizing such recovery, the Court DENIES Plaintiffs' request for these expenses.

Plaintiffs also seek recovery of "incurred costs of $2,172.58 from Watanabe Ing, LLP. for the time and expenses that attorney John T. Komeiji incurred on Plaintiffs' behalf while serving as the court appointed Master in this case." (Seitz Affidavit ¶ 8.) Although § 1920(6) authorizes the Court to tax as costs "[c]ompensation of court appointed experts," the Ninth Circuit has held that "the words 'court appointed experts' in 28 U.S.C. § 1920(6) refer only to expert witnesses, and that the language does not include masters." Nat'l Org. for the Reform of Marijuana Laws v. Mullen, 828 F.2d 536, 546 n.7 (9th Cir. 1987).

Thus, because special master expenses are not recoverable under § 1920 and

Plaintiffs cite to no other law authorizing such recovery, the Court DENIES

Plaintiffs' request for these expenses.

Accordingly, the Court DENIES Plaintiffs' request for "other costs"

totaling $2,798.41 and awards Plaintiffs $348.50 ($3,146.91 - $2,798.41 =

$348.50) in costs.  The Court therefore GRANTS IN PART and DENIES IN

PART Plaintiffs' request for costs.

DATED:  Honolulu, Hawaii, June 9, 2009.

IT IS SO ORDERED.



   /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Botelho v. State of Hawaii, CV. NO. 06-00096 DAE-BMK; ORDER GRANTING IN PART
AND DENYING IN PART PLAINTIFFS' REQUEST FOR COSTS.