IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| REYNOLD BOTELHO, et al., | ) | Civ. No. 06-00096 DAE-BMK |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| STATE OF HAWAII, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANTS STATE OF HAWAII AND BERYL
IRAMINA'S MOTION FOR RECONSIDERATION OF FINDING
AND RECOMMENDATION THAT PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES BE GRANTED IN PART AND DENIED IN PART

Before the Court is Defendants State of Hawaii and Beryl Iramina's Motion For Reconsideration of Finding and Recommendation That Plaintiffs' Motion For Attorneys' Fees Be Granted In Part and Denied In Part. Defendants contend that, because Plaintiffs did not file a statement of consultation regarding their motion for attorneys' fees pursuant to Local Rule 54.3(b), the motion for fees should have been denied in its entirety. After careful consideration of the Motion, the Court DENIES Defendants' Motion For Reconsideration.

Local Rule 54.3(b) states that a "court will not consider a motion for attorneys' fees and related non-taxable expenses until moving counsel shall first advise the court in writing that, after consultation, or good faith efforts to consult,

the parties are unable to reach an agreement with regard to the fee award or that the moving counsel has made a good faith effort, but has been unable, to arrange such a conference." The purpose of this Rule is to preserve judicial and party resources by allowing the parties to reach an agreement, if any, on the request for fees.

After Plaintiffs filed their motion for fees, the Court contacted defense counsel and asked whether it would be worthwhile to hold a settlement conference on the motion in an attempt to settle any disputes about Plaintiffs' request for fees. Defense counsel indicated that a settlement conference would likely be futile and stated his preference to file an opposition memorandum rather than attempt to settle the matter. After defense counsel filed the opposition memorandum, Plaintiffs' counsel stated at the May 14, 2009 Further Rule 16 Scheduling Conference that he agreed with Defendants' position on the fees motion. Thus, by the time the Court ruled on the fees motion, the Court understood there to be no dispute on the fees motion. Absent any remaining dispute, no consultation was necessary. Indeed, it would have been a waste of Plaintiffs' resources to file such a statement.

Accordingly, the Court DENIES Defendants' Motion For Reconsideration of Finding and Recommendation That Plaintiffs' Motion For Attorneys' Fees Be Granted In Part and Denied In Part.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, June 18, 2009.



   /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Reynold Botelho, et al. v. State of Hawaii, et al., Civ. No. 06-00096 DAE-BMK; ORDER DENYING DEFENDANTS STATE OF HAWAII AND BERYL IRAMINA'S MOTION FOR RECONSIDERATION OF FINDING AND RECOMMENDATION THAT PLAINTIFFS' MOTION FOR ATTORNEYS' FEES BE GRANTED IN PART AND DENIED IN PART.